IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 12-00122-KD-B |
| | ) | |
| LINDA M. DANIELS | ) | |
|     Defendant | ) | |

**ORDER**

This matter is before the Court on Defendant Linda M. Daniels' Motion for Early Termination of Probation (Doc. 42). Upon consideration and for the reasons set forth herein, Defendant Daniels' motion is **GRANTED**, her probation is terminated, and she is discharged from supervision.

**I.  Background**

On September 20, 2012, Daniels pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. On June 21, 2013, the Court sentenced Daniels to a five year term of probation. (Doc. 39). Daniels was required to pay restitution in the amount of $28,500 to the Deepwater Horizon Oil Spill Trust. (*Id*.) This amount was owed jointly and severally by Daniels and Trecia Howard McGee (13-CR-00017). (*Id*.).

Daniels' term of probation began June 21, 2013 and is scheduled to conclude June 20, 2018. (Doc. 41). Daniels' reports that she has fulfilled her restitution obligations and adhered to the conditions of her probation. (Doc. 42). The United States Probation Office has provided the Court with a memorandum agreeing with Daniels' motion for early termination of probation. The United States has no objection to Daniels' request for early termination of probation.

1

## II. Discussion

Title 18 U.S.C. § 3564(c) addresses early termination of probation and sets forth, in relevant part, as follows:

> (c) Early termination.--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). Defendant has served over four years of her term of probation, thus the one year requirement has been satisfied. The decision to grant early termination of probation is discretionary and will be reviewed for abuse of discretion. *See e.g., United States v. Reagan*, 162 F. App'x. 912, 914 (11th Cir. 2006). As set forth in *Reagan*:

> Under 18 U.S.C. § 3583(e)(1), after considering the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release in which the defendant has already served at least one year. Before terminating supervised release, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." *Johnson*, 529 U.S. at 708-09, 120 S.Ct. at 1805 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. *Id*. at 709, 120 S.Ct. at 1805. The statute's requirement that courts examine 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release. See 18 U.S.C. §§ 3553(a), 3583(e)(1).

*Id*. Specifically, the applicable factors for consideration set forth in 18 U.S.C. § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
* * *
(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
* * *
18 U.S.C. § 3553(a).

In this case, there is no objection to Daniels' request for early termination. Moreover, after both consultation with Daniels' probation officer and consideration of the Section 3553(a) factors, the Court is satisfied that early termination is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

**III.  Conclusion**

Accordingly, having considered the applicable factors of 18 U.S.C. § 3553(a) and the facts presented, the Court is satisfied that early termination is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). It is hereby **ORDERED** and **ADJUDGED** that Defendant Daniels' motion for early termination of probation (Doc. 42) is **GRANTED** such that term of probation imposed on June 21, 2013 is **TERMINATED**. The Clerk of the Court is **DIRECTED** to mail a copy of this order to Daniels and to the United States Probation Office. The United States Probation Office shall communicate with Daniels regarding the Court's ruling.

**DONE** and **ORDERED** this **31st** day of **July 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**